**Bahadar Ram LAKHA, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**Nos. 13–71715, 14–73690.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 20, 2016.*

Filed Jan. 25, 2016.

Nikhil M. Shah, I, Esquire, General, Law Offices of Nikhil M. Shah, Los Angeles, CA, for Petitioner.

Jeffery R. Leist, Trial, Tracey McDonald, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, TASHIMA, and NGUYEN, Circuit Judges.

MEMORANDUM **

Bahadar Ram Lakha, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") orders denying his second and third untimely motions to reopen. We consolidate his

---

petitions for review in Nos. 13–71715 and 14–73690. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Mohammed v. Gonzales,* 400 F.3d 785, 791 (9th Cir.2005), and deny the petitions for review.

With respect to petition No. 13–71715, the BIA did not abuse its discretion in denying Lakha's second motion to reopen, alleging ineffective assistance of counsel, where Lakha failed to establish prejudice resulting from his former attorneys' alleged ineffective assistance. *See id.* at 793 (to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that counsel failed to perform with sufficient competence and that he was prejudiced by counsel's performance).

With respect to petition No. 14–73690, the BIA did not abuse its discretion in denying Lakha's third motion to reopen, where Lakha failed to establish materially changed country conditions in India to qualify for the regulatory exception to the filing deadline, *see* 8 C.F.R. § 1003.2(c)(3)(ii) (requiring "changed circumstances arising in the country of nationality"); *Najmabadi v. Holder,* 597 F.3d 983, 989 (9th Cir.2010) (no changed country conditions where country conditions evidence submitted with petitioner's motion to reopen was not qualitatively different from that submitted at original hearing).

Contrary to Lakha's contention in both petitions, the BIA provided sufficient reasoning, detail, and evaluation of evidence in denying his motions to reopen, where it considered the evidence submitted and explained why Lakha had not met his burdens. *See Najmabadi,* 597 F.3d at 990 ("What is required is merely that [the BIA] consider the issues raised, and an-

nounce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (citation and quotation marks omitted)); *see Cole v. Holder,* 659 F.3d 762, 771 (9th Cir.2011) (the BIA is not required to "discuss each piece of evidence submitted").

Respondent's unopposed November 9, 2015, motion for an extension in petition No. 14–73690 is granted.

**PETITIONS FOR REVIEW DENIED.**